### PATTON et al. v. MEADOWS CO. et al.

(Circuit Court, W. D. North Carolina. September 17, 1909.)

REMOVAL OF CAUSES (§ 30*)—RIGHT OF REMOVAL—SEPARABLE CONTROVERSIES.
 Where plaintiff's declaration in an action on a contract in a state court against three defendants alleged that the defendant which made the contract in its own name acted in doing so as the agent for its codefendants, who were the real parties, they cannot be treated as merely nominal or unnecessary parties to the suit, for the purposes of removal of the cause to the federal court.

 [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 70; Dec. Dig. § 30.*

 Separable controversies, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

Justice & Broadhurst and Pleas Winburn, for plaintiffs.
J. Norman Powell, Watson, Hudgins & Johnson, and Locke Craig, for defendants.

---

NEWMAN, District Judge. This case was removed from the superior court of McDowell county, and during the present term an order was made remanding it to that court on the ground that it was improperly removed to this court. Plaintiffs are, and were at the time of the commencement of this suit, residents of the state of Virginia. The Meadows Company is a corporation created under and by the laws of the state of New Jersey, and the South & Western Railroad Company is a North Carolina corporation, as is the Carolina, Clinchfield & Ohio Railroad Company. The case was removed to this court by the Meadows Company, and it was remanded on the authority of Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. As the case was then presented to the court, it was as if it had been removed on the ground of a separable controversy between the Meadows Company and the plaintiffs.

A motion has been made for a rehearing of the matter and has been argued by counsel. Counsel for the plaintiffs claim that, since the former argument, they have discovered that the defendant in the Meadows Company had put in a general appearance in the case in various ways not necessary to enumerate (in view of the direction that must be given the motion), and contended that, following the rule laid down in many cases, and especially by the Supreme Court of the United States, as to waiver by the plaintiffs, the order to remand should be set aside and the case retained in the Circuit Court. Counsel cite: Foulk v. Gray (C. C.) 120 Fed. 126; Corwin, etc., Co. v. Henrici, etc., Co. (C. C.) 151 Fed. 938; Louisville, etc., Co. v. Fisher, 155 Fed. 68, 83 C. C. A. 584, 11 L. R. A. (N. S.) 926; Proctor Coal Co. v. U. S. Fidelity, etc., Co. (C. C.) 158 Fed. 211; Moyer, etc., Co. v. Chicago, etc., Co. (C. C.) 168 Fed. 105; Western, etc., Co. v. Bute, etc., Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Matter of Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904.

In the declaration, which is brought to this court as a transcript of record in the state court, there appears, after the averments as to citizenship, the following:

"That on and prior to the 14th day of November, 1906, the Meadows Company was, as plaintiffs are informed and believe, an agent acting for the South & Western Railroad Company, and continued so to do and act until about April, 1908, when the said defendant the Meadows Company became the agent of the Carolina, Clinchfield & Ohio Railroad Company, and as such agent and representative of said two companies, as well as for its own self and its own behalf, contracted with various subcontractors, and among others, with the plaintiffs, to construct a part of a line of railroad for the South & Western Railroad Company, which said contract with the plaintiffs was for the benefit of the Carolina, Clinchfield & Ohio Railroad Company, it upon its succeeding the said South & Western Railroad Company in the construction and operation of the line of railroad theretofore owned and operated by the South & Western Railroad Company, as well as for the benefit of the defendant the Meadows Company. That the Meadows Company and, as plaintiffs are informed and believe, the South & Western Railroad Company are bound under a contract with the Meadows Company made with these plaintiffs, as hereinafter set out; and, as these plaintiffs are informed and believe, the said the Carolina, Clinchfield & Ohio Railroad Company, about April, 1908, took over the said railroad from the South & Western Railroad Company, and became obligated to these plaintiffs in the same manner and to the same extent that the South & Western Railroad Company was obligated to them, of all of which these plaintiffs are advised and believe. That on and prior to the 11th day of October, 1906,

the defendant the Meadows Company professed to have a contract with the South & Western Railroad Company to build for it its line of road from the Tennessee-North Carolina line at a point on the line of Mitchell county, North Carolina, through the counties of McDowell, Mitchell, and Rutherford, to Bostic, in the county of Rutherford, state of North Carolina; that the said the Meadows Company did have, as these plaintiffs are informed and believe, authority to contract with subcontractors to do said railroad work in constructing the said line of railroad, and thereby bind itself and also the South & Western Railroad Company to do and perform the things undertaken and agreed to by the said Meadows Company. That upon the incorporation of the Carolina, Clinchfield & Ohio Railroad Company, and its taking over the railroad formerly belonging to the South &. Western Railroad Company, it thereupon, as these plaintiffs are informed and believe, became liable to the plaintiffs for the performance of the matters and things undertaken with the plaintiffs to be done and executed by the Meadows Company, as hereinafter alleged."

Then appears in the declaration a statement of the grounds on which plaintiffs claim damages for a breach of contract, concluding with a prayer for judgment against the defendants. A second cause of action is set out, which is not material for present purposes. The theory of the plaintiffs' case clearly is that the Meadows Company was merely the agent of the two railroad companies—first of the South & Western, and afterwards of the Carolina, Clinchfield & Ohio, when it acquired the rights of the South & Western, and that the Meadows Company acted for the railroad company in making the subcontracts with the plaintiffs. The petition for removal alleges (and this is really the main ground relied on for removal) that the two railroad companies are unnecessary parties to the suit, and were joined for the purpose of defeating the jurisdiction of the courts of the United States and to prevent a removal of the cause.

The trouble about this contention is that the suit is in reality brought against the two railroad companies; and, while it is against the Meadows Company also, the whole case is based upon the theory that the Meadows Company was acting for and on behalf of the railroad companies in making the contract as to which the plaintiffs claim they were wronged. As the theory of the plaintiffs' case is that the two railroad companies are mainly responsible and liable to them for the damages claimed, to pass on this motion as requested by counsel for plaintiffs would be to determine the merits of the case. Plaintiffs' action is based and grounded upon the idea that the Meadows Company, in making this contract, while authorized by the railroad company to act in its own name, was simply acting for the railroad company, and that it was the latter's contract. Therefore, according to the declaration, the Meadows Company is more nearly the nominal party than the two railroad companies, and the railroad companies are the real and substantial parties defendant to the litigation. Counsel for plaintiffs have stated in open court that this is the view taken by them of their case, and the one that they expect to establish by evidence, and the declaration bears out this statement.

I see no reason why the plaintiffs may not, if they can, go behind what appears on the mere face of the contract between them and the Meadows Company, and show that the Meadows Company, although appearing to be an independent contractor, was in reality merely the

agent of the railroad companies. Of course, I do not know that they can show this; but this is what they propose by their pleadings to do. The court cannot change the plaintiffs' case for them. They have made the two railroad companies the real and substantial parties defendant to this suit. Viewing the case in the light of the theory on which the declaration is framed, there can be no possible reason for the removal of the case on the ground that the two railroad companies are merely nominal parties and improperly joined. The matter of waiver is, therefore, immaterial.

I am perfectly clear that the case is not removable, and consequently the motion must be denied, and the order heretofore made, remanding the case to the superior court of McDowell county, must be adhered to.