GEORGE v. TENNESSEE COAL, IRON & R. CO.

(Circuit Court. N. D. Georgia. January 5, 1911.)

No. 2,244, at Law.

1. REMOVAL OF CAUSES (§ 102*)—REMAND—RESIDENCE OF PARTIES—DISTRICT.

Where a suit is brought in a state court in a federal judicial district of which neither plaintiff nor defendant is a resident, it will be remanded on seasonable motion, unless the plaintiff consents to the suit proceeding in the district by appearance and pleading.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218-220; Dec. Dig. § 102.*]

2. REMOVAL OF CAUSES (§ 4*)—RIGHT OF REMOVAL—NATURE OF ACTION—ATTACHMENT.

Act Cong. March 3, 1875, c. 137, § 8, 18 Stat. 472 (U. S. Comp. St. 1901, p. 513), as amended by Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433, declares that, when any suit commenced in any Circuit Court of the United States to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance, or lien, or cloud on the title to, real or personal property within the district where the suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within, the district, or shall not voluntarily appear, the court may direct the absent defendant or defendants to appear by a certain day, to be designated, etc., and be served by publication. *Held*, that where an action was brought in a state court between nonresidents, and an attachment was levied on property of the defendant within the state solely to obtain jurisdiction, the action was

not brought to enforce a legal or equitable lien on the property within such act, and was therefore not removable to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 11–20; Dec. Dig. § 4.*]

Action by Wiley George against the Tennessee Coal, Iron & Railroad Company. On motion to remand. Granted.

Reuben R. Arnold and Lamar Hill, for plaintiff.

Smith, Hammond & Smith, for defendant.

NEWMAN, District Judge. This suit was brought in the city court of Atlanta, Ga., and was removed by the defendant to this court. A motion is seasonably made to remand the case to the state court. The petition to remove shows that the defendant is a citizen and resident of the state of Tennessee, and the plaintiff a citizen of the state of Alabama, and the suit was brought by the levy of an attachment on property wholly within the state of Georgia. The contention for the defendant is this:

"If this were an ordinary suit in personam, and service had been perfected on the defendant, it would not be a removable cause, under the settled rule laid down in the Wisner Case, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, as construed and restricted in Western Loan Co. v. Butte, 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101, and In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904. We contend that the rule as to cases brought by attachment is different. * * * An attachment suit may be rightfully removed to the United States court, although it would not have been originally brought in the United States court for lack of ability to obtain personal service."

In the Wisner Case it was held that, where a suit was brought in a district where neither the plaintiff nor defendant resided, such jurisdiction could not be maintained, even with the consent of both parties. This was modified by the decision of the court in the Moore Case, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, to the extent that consent to be sued in a particular district in which neither the plaintiff nor the defendant was a resident might be waived by the defendant in a suit originally brought, and after removal might be waived by the plaintiff by appearance and pleading. The Supreme Court, in Re Winn, 213 U. S. 458, 469, 29 Sup. Ct. 515, 519, 53 L. Ed. 873, in referring to the Wisner Case, and its modification in the Moore Case, said:

"But that case [referring to the Moore Case] simply held that where there was a diversity of citizenship, which gave jurisdiction to some Circuit Court, the objection that there was no jurisdiction in a particular district might be waived by appearing and pleading to the merits, and anything to the contrary said in Ex parte Wisner, 203 U. S. 449 [27 Sup. Ct. 150, 51 L. Ed. 264], was overruled, though the Wisner Case was otherwise left untouched."

So it seems clear, taking these decisions all together, that when a suit is brought in a district of which neither the plaintiff nor the defendant are residents, it will be remanded if a motion is seasonably made for that purpose, but if the plaintiff consents to the suit proceeding in the particular district, by appearance and pleading, the case will be retained in the Circuit Court. So the only question for consid-

eration is whether the fact that the suit was brought by an attachment on land in this district is sufficient to give the court jurisdiction.

It is claimed that it comes within the provisions of Act March 3, 1875, c. 137, § 8, 18 Stat. 472 (U. S. Comp. St. 1901, p. 513), as kept in force and amended by the acts of 1887 (Act March 3, 1887, c. 373, 24 Stat. 552) and 1888 (Act Aug. 13, 1888, c. 866, 25 Stat. 433). That statute provides:

"That when any suit, commenced in any Circuit Court of the United States, to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within, the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur, by a certain day to be designated," etc.

And it proceeds to provide for service by publication and for judgment to be effective on the property which is the subject of the suit and under the jurisdiction of the court.

The contention here is that, this suit having been brought by attachment on real estate in the state court, it becomes a suit within this section. I do not think so. The suit is not brought "to enforce any legal or equitable lien upon," or to enforce any "claim to," and certainly not "to remove any incumbrance or lien or cloud upon the title to," the real estate attached. There is nothing in this suit which seeks any peculiar right whatever with reference to the real estate attached. The Wisner Case was brought by attachment, and it was not suggested in that case that it was not an ordinary suit between citizens of different states.

Counsel rely upon certain language in Pennoyer v. Neff, 95 U. S. 714, 743, 24 L. Ed. 565. The language referred to is this:

"It is true that in a strict sense a proceeding in rem is one taken directly against property, and has for its object the disposition of the property, without reference to the title of individual claimants; but in a larger and more general sense the terms are applied to actions between parties, where the direct object is to reach and dispose of property owned by them, or of some interest therein. Such are cases commenced by attachment against the property of debtors, or instituted to partition real estate, foreclose a mortgage, or enforce a lien. So far as they affect property in the state, they are substantially proceedings in rem in the broader sense in which we have mentioned."

Of course this language was used in connection with the important question of the right to a general judgment against a defendant without personal service, and has no reference to the statute which is invoked to sustain the jurisdiction here. While it is true that the property attached may, if judgment is obtained, be used to satisfy the judgment, still it is not because of any special claim the plaintiff has against the property, or any right in or to it, different from any other general creditor of the defendant, or any one having a right to sue the defendant in tort. The plaintiff has no special claim of any kind against the land, but simply uses it as a basis for bringing his action here, and in which he seeks to recover for matters not in any way connected with the property attached.

Motion to remand is granted.