### JACKSON v. WILLIAM KENEFICK CO. et al.

(District Court, S. D. New York.   July 21, 1913.)

REMOVAL OF CAUSES ☞26—RIGHT TO REMOVAL—REMAND.

An alien sued in the state courts of New York two citizens and residents of Oklahoma.   On defendants' petition the cause was removed to the federal court.   Judicial Code (Act March 3, 1911, c. 231) § 34, 36 Stat. 1098 (Comp. St. 1913, § 1016), declares that whenever a personal action has been or shall be brought in any state court by an alien against any citizen of a state, who is, or at the time the action was commenced was, a civil officer of the United States, but a nonresident of the state wherein jurisdiction is obtained by the state court by personal service of process, such action may be removed to the District Court for the district in which the defendant shall have been served with process. *Held* that, despite this section, the case could not, over objections of the alien, be removed to the federal District Court for New York.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 60-63; Dec. Dig. ☞26.]

At Law.   Action by Charles Jackson against the William Kenefick Company and William Kenefick, begun in the Supreme Court of New York, and removed to the United States District Court.   On motion to remand.   Case remanded.

The plaintiff, an alien, sued two citizens and residents of Oklahoma in the Supreme Court of the state of New York.   The defendants removed for diverse citizenship.

Brainard Tolles, of New York City, for the motion.
Wollman & Wollman, of New York City, opposed.

LEARNED HAND, District Judge.   Were this question open to me as a fresh matter, I should decide in favor of the removal.   I do not regard Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, especially after In re Moore, 209 U. S. 490, 28 Sup. Ct. 586, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, as in any sense overturning the preceding authorities which had all settled the rule in favor of removal.   Those cases proceeded upon that clause of the section which alone applies to suits between citizens of different states, and which therefore gives to a plaintiff citizen of the United States the right to object to the removal of his suit to a federal court, whose jurisdiction comprises the residence of neither party.   It is quite true that in princi-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ple there is no reason why a nonresident defendant should have less reason to fear the prejudice of a state court, when a nonresident citizen of another state sues him, than when an alien; the fact is just the opposite. Yet the result seems to me rather to arise from construing the sentence which affects suits between citizens of different states, as a limitation upon the general provision that a defendant may be sued only where he resides, instead of an amplification of it. If it be construed as a limitation upon that provision, I cannot see any escape from the conclusion that its only possible function is to give the plaintiff a right to object to a removal when the suit is between citizens of different states, and from that it seems to follow that where the plaintiff is an alien the right to object does not exist, for concededly the District Court would have jurisdiction over the subject-matter. It is a strange result, but some very strange results arise in this subject. I also recognize the real difficulty arising from section 34 of the Judiciary Act mentioned by Judge Bourquin in Hall v. Great Northern Ry. (D. C.) 197 Fed. 488; but that, too, does not seem to me conclusive. So on principle I should be for removal.

Furthermore, while I agree with Judge Lewis, in Sagara v. Chicago, etc., Ry. (C. C.) 189 Fed. 220, that we cannot say with certainty that Ex parte Tobin, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061, and Ex parte Nicola, 218 U. S. 668, 31 Sup. Ct. 228, 54 L. Ed. 1203, settled the matter, and indeed had they been decided after Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, we could say that they settled nothing at all, still at the time both cases were decided, the Supreme Court was passing on such questions on the merits, and I think it a little strange that Ex parte Nicola, supra, should have been decided "on the authority" of Ex parte Tobin, supra, if the meaning only was that in each case mandamus was not the proper remedy. Indeed, I have personally no doubt that the court meant to distinguish each case from Ex parte Wisner, supra, for the reasons I have given, and that the rule has remained unchanged.

Nevertheless, the cases are in the most hopeless conflict. For the removal since Ex parte Wisner, supra, are Barlow v. Chicago & N. W. Ry. (C. C.) 164 Fed. 765, Id. (C. C.) 172 Fed. 513 (on rehearing), Smellie v. Southern Pacific (D. C.) 197 Fed. 641, and Bagenas v. Southern Pacific (C. C.) 180 Fed. 887, by the same judge. Against it are Mahopoulus v. C., R. I. & Pac. Ry. (C. C.) 167 Fed. 165, Sagara v. Chicago, etc., Ry. (C. C.) 189 Fed. 220, Hall v. Great Northern Ry. (D. C.) 197 Fed. 488, and Zerba v. Gilson Asphaltum Company, an unreported decision of Judge Marshall mentioned by Judge Lewis in Sagara v. Chicago, etc., Ry., supra. All these cases are in other circuits, and in our own are the decisions of Judge Lacombe in Kamenickey v. Catterall Printing Co. (C. C.) 188 Fed. 400, and of Judge Coxe in Odhner v. Northern Pac. Ry. Co. (C. C.) 188 Fed. 507. The first was based only upon the general doubtfulness of the right of removal, but the second discussed the merits. It has always been the rule in this district to follow prior decisions upon the same point and treat them as authoritative, and it would be very unwise in a case like this, full

of the greatest confusion, to weaken the force of a rule now twice enforced since Ex parte Wisner, supra. While, therefore, my independent conclusion would be otherwise, both on principle and authority, I shall remand this case under the authority of those decisions.

It is only necessary to allude to the allegation that the assignment was for the purpose of avoiding the jurisdiction of this court. Oakley v. Goodnow, 118 U. S. 43, 6 Sup. Ct. 944, 30 L. Ed. 61.

Case remanded.