### DOHERTY et al. v. SMITH.

(District Court, S. D. New York. July 10, 1915.)

REMOVAL OF CAUSES ☞26—NONRESIDENT PARTIES.

> Where a nonresident citizen plaintiff sues nonresident citizen defendants in a state court, and the case is removed to the federal District Court, it will be remanded on plaintiff's objection.
>
> [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 60–63; Dec. Dig. ☞26.]

At Law. Action by Henry L. Doherty, Frank W. Frueauff, and Charles T. Brown, partners doing business as Henry L. Doherty & Co., against Barton Smith, begun in the state court, and removed to the federal court. On motion to remand. Case remanded.

Frueauff & Robinson, of New York City, for the motion.
Elkus, Gleason & Proskauer, of New York City, opposed.

LEARNED HAND, District Judge. In Jackson v. Wm. Kenefick Co. and Wm. Kenefick, 233 Fed. 130, filed July 21, 1913, I held that an alien might remand a case where he had brought it in the state court against nonresident citizens and they had removed. I followed Judge Lacombe in Kamenickey v. Cattarall Printing Co. (C. C.) 188 Fed. 400, and Judge Coxe in Odhner v. North. Pac. Ry. Co. (C. C.) 188 Fed. 507, against my own judgment. It seems to me probable that Ex parte Tobin, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061, and Ex parte Nicola, 218 U. S. 668, 31 Sup. Ct. 228, 54 L. Ed. 1203, were intended to overrule Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, especially after the language of In re Moore, 209 U. S. 490, 28 Sup. Ct. 586, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; but the matter has given rise to great confusion. Judge Cochran, in Louisville & Nashville R. Co. v. West. Un. Tel. Co. (D. C.) 218 Fed. 91, has written a most admirable opinion, in the reasoning of which I altogether concur, just as I concurred in the same reasoning in Jackson v. Wm. Kenefick et al., supra.

So far as there is any difference between suit by aliens against nonresident citizens and suits by nonresident citizens against nonresident citizens, the right to remand seems more certain to belong to nonresident citizen plaintiffs, as I tried, perhaps not very clearly, to show in Jackson v. Wm. Kenefick et al., supra. Any authority allowing an alien plaintiff to remand, if anything, makes more strongly in favor of a nonresident citizen plaintiff's similar right. Perhaps Judge

Cochran is right in saying that the same considerations govern each. I am aware that under the rule of Ex parte Wisner, supra, no citizen defendant can remove to the federal court anywhere, except in the district of the citizen plaintiff's residence, and, if the plaintiff be an alien, then not at all. I do not feel free to disregard a decision of the Supreme Court for those reasons, till they have more clearly over-ruled their last expression.

The matter is especially one in which certainty is as important as anything else, there being no essential matter of justice or injustice in it. I shall adhere to the rule which has been laid down until it is otherwise decided by a higher court. It is most undesirable to have rulings on such matters varying with different judges.

Motion granted to remand. The motion to make definite and certain I do not pass upon.