COALMONT MOSHANNON COAL CO. v. MATTHEW ADDY STEAMSHIP
& COMMERCE CORPORATION, Inc., et al.

(District Court, E. D. Virginia. January 1, 1921.)

Removal of causes &=26—Suit between nonresidents of district is removable
only with plaintiff's consent.

    Under Juu. Code, § 29 (Comp. St. § 1011), authorizing removal to the
District Court for the proper district of suits which could have been
originally brought in the United States District Court, a suit in which
both plaintiff and defendant were nonresidents of the state in which the
suit was brought and of the district cannot be removed to United States
District Court by the defendant without the consent of the plaintiff. ·

    At Law. Action by the Coalmont Moshannon Coal Company against
the Matthew Addy Steamship & Commerce Corporation, Incorporated,
and others, begun in the state court, and removed by the named de-
fendant to the United States District Court. On motion to remand
to the state court. Motion granted.

    Swink & Fentress, of Norfolk, Va., for plaintiff.
    Cramer & Schmuck, of New York City, and Hughes, Little & Sea-
well, of Norfolk, Va., for defendant petitioner for removal.

    WADDILL, District Judge. The above-named plaintiff duly in-
stituted its attachment proceeding under a recent statute of the state
of Virginia (Code, 1919, § 6383) in the circuit court of Norfolk city,
and caused to be sued out of said court certain attachments against
property alleged to belong to the principal defendant, in the hands of
the codefendants, the railroads and coal exchanges, which attach-
ments were properly served as required by the laws of the state of
Virginia. Both the plaintiff and the principal defendant are non-
resident corporations of the state of Virginia, the plaintiff having
its principal office in the city of Philadelphia, and the principal de-
fendant its principal office in the city of New York. Upon service
of the attachment as aforesaid, the principal defendant, by appropriate
proceeding, filed in the state court its petition praying the removal of
the proceeding into the United States District Court for the Eastern
District of Virginia, and the same was by the state court removed into
this court. Thereupon the plaintiff appeared specially in this court,
and moved to remand the case to the state court, from whence it had
been removed, the grounds alleged therefor being especially that, in-
asmuch as both the plaintiff and principal defendant were nonresi-
dents of the Eastern District of Virginia, assuming the case to be one
which might have been originally brought in the federal court, the
same could not be so removed, save with the consent of the plaintiff,
which consent the plaintiff declined to give, and, on the contrary,
asserted its right to have the proceeding remain in the state court.

    Sections 24, 28, 29, and 51 of the Judicial Code, 36 Stat. L. 1087
(Comp. St. §§ 991, 1010, 1011, 1033), regulate and control the juris-
diction of the United States District Courts in suits like the one at
bar. Sections 24 and 51 deal with original jurisdiction. The former

    &=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defines the character of suits, and the latter indicate the districts in which they may be brought. Section 28 authorizes removal to the District Court "for the proper district" of suits brought in the state court, and which could have originally been brought in the United States District Court. Section 29 provides for the removal of such suits "into the District Court to be held in the district in which such suit is pending."

Much confusion has arisen in the interpretation of the removal statutes, especially in construing that part of the act which in effect limits the right of removal to such cases as might have been originally brought in the federal court; the beclouding of the question arising chiefly from confounding venue with jurisdiction, venue being something which can be waived by the parties, whereas jurisdiction cannot be. In an ordinary civil action instituted in a circuit court to recover judgment on a claim like the one in suit, it is conceded that the federal court of the district would have jurisdiction of such case, if instituted in a federal court, upon the defendant appearing therein, and hence that the same was a suit of which that court would have had original jurisdiction, such as is contemplated by the removal statutes, upon the removal being timely and appropriately asked for. But the plaintiff insists that, while this is true of such a case if brought within the district of the plaintiff's residence, still, where brought, as here, in a district in which neither the plaintiff nor the defendant resides, the defendant's right of removal is limited, and cannot be had without the plaintiff's assent thereto. This is the sole question to be determined in this case. If the plaintiff is right in its contention, its motion to remand should be granted; otherwise, the same should be overruled.

In Hughes, Fed. Pro. (2d Ed.) c. 15, § 115, p. 321, the author says:

"As to suits brought in a state court in a district where neither plaintiff nor defendant resided, the earlier decisions preponderated in favor of the doctrine that the defendant could remove such a case, on the theory that the defendant alone was interested in the place of suit; but later cases have established the doctrine that such a case is not removable by defendant without the consent or waiver of the question by plaintiff"

—and cites in support of his position In re Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164; Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392; Puget Sound Sheet Metal Works v. Great Northern R. R. (D. C.) 195 Fed. 350. Other and more recent decisions apparently take the same view as those cited, of which the following may be referred to: Doherty v. Smith (D. C.) 233 Fed. 132; Pendar v. Empire Gas & Fuel Co. (D. C.) 260 Fed. 669; Isaac Kubie Co. v. Lehigh Valley R. R. Co. (D. C.) 261 Fed. 806; Kansas Gas & Electric Co. v. Wichita Natural Gas Co. (C. C. A. 8th Cir.) 266 Fed. 614; Ex parte Park Square Automobile Co., 244 U. S. 412, 37 Sup. Ct. 732, 61 L. Ed. 1368. See, also, Hall v. Great Northern R. R. Co. (D. C.) 197 Fed. 488, and Jackson v. Kenefick (D. C.) 233 Fed. 130. The last two cases, while dealing with the general subject, involve also the

right of, an alien to remove. Also George v. Tennessee Coal & Iron Co. (C. C.) 184 Fed. 951, a decision of Judge Newman, of Georgia, which involved a removal in an attachment case.

These decisions generally sustain the plaintiff's right to remand, and while, covering the same period as these, there have been several cases taking the contrary view, citation of them will not be made, further than to refer to the case of Louisville & Nashville R. R. v. Western Union Telegraph Co. (D. C.) 218 Fed. 91, an opinion of Judge Cochran, of Kentucky, which contains an exceedingly able and forceful discussion of the subject, the reasoning of which is hard to successfully answer. Much confusion of thought on the question has arisen since and apparently as a result of the decision in In re Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, where the Supreme Court held that a suit instituted in a state court between a nonresident plaintiff and a nonresident defendant could not be removed into the federal court, certainly without the consent of the plaintiff; and likewise the court held that the remedy by mandamus was the proper one to effect the remanding of the case. In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1764, apparently modified the Wisner Case, in so far as it held that the defendant could not waive the right to be sued by a nonresident plaintiff in a particular district concerning a matter of which the court had jurisdiction; but the Moore Case was unlike the Wisner Case, in that the plaintiff there waived his right to object to the removal by appearing in the federal court. In Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, the Supreme Court reviewed the Wisner Case at great length, as it did also in Ex parte Park Square Automobile Co., 244 U. S. 412, 37 Sup. Ct. 732, 61 L. Ed. 1368; but in both of these decisions the court dealt mainly with the portion of the Wisner Case that held that mandamus was the proper remedy in case of a federal court's refusal to remand, and modified the case in that respect. In neither of these cases nor in the Moore Case was there any disapproval of that portion of the Wisner Case which held, in effect, that there could be no removal from a state to a federal court, where both plaintiff and defendant were nonresidents of the state in which the suit was instituted, save with the plaintiff's consent.

There is much force in the reasoning in favor of the defendant's right of removal, under circumstances like the present, and confessedly much strength in the contention, as to deny the right of removal to a defendant in all cases in which his property may be attached in a foreign jurisdiction, save where the taking happens to be in a suit brought in the district of the residence of the plaintiff, seems incongruous, and in derogation of his right of removal, and might operate greatly to his prejudice in the local courts of a community hostile to him. This condition as to prejudice, however, has no application here. Every right to which the defendant is entitled will be as safely assured to him in the state court as in this court, and the court does not feel, in the light of this weight of authority, that it should be affected by any preconceived views it may have on the subject, particularly as the Supreme Court has three times reviewed at considerable length the

Wisner Case, and expressed no dissent to the portion thereof which would deny the right of removal in this case. The court is further influenced in its action by the fact that this proceeding is a somewhat novel one, in that it is a simple attachment instituted under a new Virginia statute, not an attachment sued out in and as incident to a suit, as heretofore prevailing in the commonwealth, but a legal proceeding consisting only of the attachment, and since original jurisdiction cannot be acquired by attachment in the federal court (Hughes, Fed. Pro. [2d Ed.] § 106, p. 275; Big Vein Coal Co. v. Read, 229 U. S. 31, 33 Sup. Ct. 694, 57 L. Ed. 1053), the character of this proceeding may give force to the suggestion that the same in no event could have been inaugurated in the federal court, and hence it cannot be removed thereto.

The motion to remand will be granted.