# U. S. DISTRICT COURTS

## No. 293
### VENNER v. MICH. CENT. RY. CO.

U. S. Dist. Court, N. D. Ohio, W. D.

No. 11764.  Feb. 27, 1923

This opinion has not been published except in Abstract.

REMOVAL OF CAUSES—Diversity of citizenship—Ex parte Wisner, 203 U. S. 249, overruled—Both parties non-resident—Removal sustained.

WESTENHAVER, J.

Heard on Motion to Remand
Epitomized Opinion

Plaintiff, a citizen and inhabitant of New York, brought this action against defendant, likewise of Michigan, in the common pleas of Cuyahoga county, Ohio.  Defendant removed it to this court, on the ground of diversity of citizenship.  Plaintiff moves to remand it, alleging the court is without jurisdiction, as neither plaintiff nor defendant is a resident or citizen of this district.

The motion to remand was denied.  The court explained that by the decision in Lee v. Ry., decided in the U. S. supreme court, Jan. 22, 1923, the case of Ex parte Wiener, 203 U. S. 449, had been overruled, restoring the law as it was understood prior to the latter decision, namely, that the limitations of the venue sections of the Judicial Code (U. S.) do not apply to the removal of causes on the ground of diversity of citizenship.  Gen. Invest. Co. v. Ry., U. S. supreme court, Nov. 27, 1922, cited.

The action is in equity, and an order will be entered transferring it to the equity side of the court.

Attorneys—Snyder, Henry, Thompson & Ford, for plaintiff; S. H. West, for defendant.

## No. 294
### McCREE v. HINES, Director General of Railroads, Etc.

U. S. Dist. Court, N. D. Ohio, W. D.

This opinion has not been published except in Abstract.

NEW TRIAL—(1) Trial court most competent to determine whether verdict was excessive—(2) Failure of engineer to secure proper rest held to be proximate cause of accident—(3) Conduct of defense made testimony competent for impeaching purposes—(4) Deposition of witness producible by defense properly excluded—(5) Rebuke to counsel by court justified and not improper in absence of jury.

KILLITIS, J.

Epitomized Opinion
On Motion for New Trial

McCree was severly injured and permanently disabled as the result of a collision between two railroad trains and in an action against Hines, Director General of Railroads, recovered $100,000.  Two theories of the accident were advanced, one being that the engineer of one of the trains became unconscious from unforeseen causes, and the other being that said engineer failed to secure a proper amount of sleep, and was not in a fit condition to assume his duties when he took charge of the train.  On a motion for a new trial, sixteen assignments were made, among which was one that the verdict was excessive and indicated passion and several improper exclusions of evidence.  Only the assignments which have been argued are dealt with.

Held by District Court in refusing new trial:
1. The trial court is the most competent agency for the determination of whether an improper rela-

tion exists between the compensation advised by the jury and the injuries actually sustained.

2. We see no force in the argument that the conduct of the engineer, imputed for negligence was too remote to be considered the proximate cause of the injury.

3. The defense so conducted itself by its objections as to make competent, for impeaching purposes only, all of the testimony offered by the engineer that he did not immediately after the accident, advance the explanation of an acute attack beyond his control.

4. The deposition of a witness who could have been produced by the defense in good time was properly excluded.

5. The conduct of counsel for defense was such that a rebuke by the court was justified and the jury having been sent out of the room during the administration of the rebuke, it was not prejudicial.

## No. 295
### FUGITT v. L. E. & W. R. CO.

U. S. District Court, Ohio

No. 2580.  March 12, 1923

This opinion has not been published except in Abstract

FEDERAL PRACTICE—(1) Remandability of case to state court—(2) The Federal Conformity Act does not apply to discretionary matters—(3) Dismissal on non-appearance of plaintiff—(4) Interpretation of Ohio GC. 11586.

KILLITIS, J.

Epitomized Opinion

Plaintiff brought an action for personal injuries in the common pleas court of Huron county, Ohio, under the common law of Ohio.  The Railroad Co. removed the case to the federal court.  A motion to remand was overruled, and as the plaintiff did not appear, a jury was impaneled, defendant's witnesses heard, and a verdict rendered for defendant.  Shortly afterward plaintiff began the action in the same county court basing his cause of action upon the Federal Employers' Liability Act.  The Railroad then obtained a temporary restraining order and filed a petition for removal.  A decree pro confesso was entered restraining plaintiff from prosecuting his claim in the state court.  The plaintiff then made a motion to remand.  In refusing the motion, the federal court held:

1. While the case was remandable in character, it would be futile to remand the case, as plaintiff could not proceed in the state court without violating the federal injunction.

2. While the Federal Conformity Act (R. S. 419) requires a federal court to submit to the dictation of the state practice in which said court is sitting, yet it does not require the court to follow the state practice on matters discretionary in character and matters respecting the final disposition of a case over which, both as to fact and parties, it has complete control.

3. The court is not bound to dismiss a case by the simple non-appearance of the plaintiff at the day of the trial, but may proceed with the evidence to a complete determination of the controversy.

4. Under Ohio 11586 GC., which deals with the dismissal of actions, the word "may" means "must" or "shall" only in those cases where the public interests and public rights are concerned.