## Lee v. Chesapeake & Ohio Railway Company.

### (Decided December 7, 1923.)

### Appeal from Bracken Circuit Court.

Courts—Determination of Federal Courts as to Removal of Cause Followed by State Court.—Where defendant petitioned for removal to the federal court, and the petition was sustained, and plaintiff appealed to the Court of Appeals, and, when the cause was carried to the federal district court, plaintiff moved for remand, and appealed to the Supreme Court from a determination against him, the question involved was a federal one, and the determinations of the federal courts will be followed by the Court of Appeals.

ALLEN D. COLE, H. W. COLE and W. A. BYRON for appellant.

WORTHINGTON, BROWNING & REED for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Averring that he was injured through the negligence of appellee railway company appellant Lee brought this

action in the Bracken circuit court to recover $10,000.00 in damages. Among other things he averred he was a citizen, resident and *bona fide* inhabitant of the state of Texas, and that the appellee, C. & O. Ry. Co., a corporation, was "created, organized and existing under the laws of Virginia, engaged in carrying passengers for hire." Before the first rule day of the Bracken circuit court, after the filing of the petition, appellee company, through its counsel, gave notice to appellant Lee that it would file in the office of the clerk of that court a petition and bond for removal of the cause to the United States district court for the eastern district of Kentucky. Pursuant to the notice appellee company presented its petition and bond to the clerk of the Bracken circuit court and caused them to be filed. At the regular term of the court following, and on March 6, 1922, it was ordered by the Bracken circuit court that the petition for removal of the cause to the United States court and the bond filed therewith be approved and that the petition for removal be sustained and the cause removed to the United States district court for the eastern district of Kentucky. To this order appellant Lee objected and excepted and prayed an appeal to this court, which was granted. When the cause was carried to the federal district court appellant appeared there and moved that court to remand the cause to the Bracken circuit court, but that court, upon hearing, overruled the motion and held the federal court had jurisdiction of the cause. At the same time appellant, then plaintiff in the federal court, declined to prosecute his cause there, whereupon the court dismissed his cause, to which he objected and excepted and prayed and was granted an appeal to the United States Supreme Court from the judgment holding the cause removable from the state court to the United States district court and that the latter court had jurisdiction thereof. Lee, as appellant, prosecuted an appeal both to the Supreme Court of the United States and to this court. In October, 1922, the Supreme Court, in a well reasoned opinion by Justice Van Deventer, affirmed the judgment of the district court for the eastern district of Kentucky, in substance holding that the plaintiff in such case, although a non-resident of the state of Kentucky, having instituted his action in the state court of Kentucky, has selected his jurisdiction and has no right to complain that the petition for a removal of the cause to the federal district court of

the same state, the court saying: "Nor is it admissible for him (Lee), to urge that the removal be into the district court of some other district, for it is his act in bringing the suit in a state court of the particular district which fixes the venue on removal. Applying these views to the present case, we hold that it was removable, that it was duly removed into the district court for the proper district and that the motion to remand was rightly denied —in short, that the district court had jurisdiction to proceed to a determination of the cause."

In that appeal, as well as in the appeal to this court, appellant Lee relies in support of his objection to the removal from the state court to the federal court upon the case of Ex Parte Wisner, 203 U. S. 449, in which it was in substance held that a removal in a case like the one under consideration could not be had to the district court of a state in which both parties were non-residents, that case being expressly overruled by the opinion in the Lee case. Further pursuing the subject, the Supreme Court said: "In this connection it should be observed that the opinion in In re Moore is open to the criticism that it seemingly assumes that where neither party is a resident of the district the removal, to be effective, needs the plaintiff's assent. We find no support for such assumption in the provisions we are considering. Under them, as before indicated, the exercise of the right of removal rests entirely with the defendant and is in no sense dependent on the will or acquiescence of the plaintiff."

It having been held by both the federal district court and the Supreme Court of the United States that the petition and bond for removal from the Bracken circuit court to the United States district court for the eastern district of Kentucky, were regular and sufficient, and that the defendant, now appellee, in this cause, was entitled to such removal, the question being a federal one, it necessarily follows that the judgment of the Bracken circuit court from which this appeal is prosecuted was and is correct, and must be affirmed.

Judgment affirmed.