## MATTISON v. BOSTON & M. R. R.

*(District Court, N. D. New York. June 23, 1913.)*

**1. REMOVAL OF CAUSES (§ 12\*)—FEDERAL COURTS—JURISDICTION—"PROPER DISTRICT."**

Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (U. S. Comp. St. Supp. 1911, p. 141), provides that suits of a civil nature, etc., may be removed by the defendant to the District Court of the United States "for the proper district," under certain circumstances, by the defendant or defendants therein, being nonresidents of the state in which the action was brought. Section 51 declares that, except as provided in the six succeeding sections, no civil suit shall be brought in any District Court against any person in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit may be brought only in the district of the residence of either the plaintiff or the defendant. *Held* that, where a Vermont administrator of a resident of that state, killed in New York by the alleged negligence of defendant railroad company, a citizen of Massachusetts, brought suit in the Supreme Court of New York, the action could not be removed over plaintiff's objection to the federal District Court sitting in New York; the "proper district" to which the cause was removable being that in which either the plaintiff or defendant resided.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32. 33; Dec. Dig. § 12.\*]

**2. REMOVAL OF CAUSES (§ 26\*)—RIGHT TO REMOVE—OBJECTIONS.**

Right of a nonresident defendant to remove the suit to a federal court could not be defeated by the act of the plaintiff in bringing the suit in a state in which neither the plaintiff nor the defendant resided.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 60–63; Dec. Dig. § 26.\*]

**3. VENUE (§ 8\*)—TORTS—RIGHT TO SUE—PLACE.**

An action to recover damages for negligence is in tort, and, being not local, but transitory, may be brought wherever the wrongdoer may be found.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 17; Dec. Dig. § 8.\*]

**4. EXECUTORS AND ADMINISTRATORS (§ 524\*)—FOREIGN ADMINISTRATOR—RIGHT TO SUE.**

An executor or administrator appointed in a foreign state cannot maintain an action in another state in his representative capacity without taking out letters in the state where the suit was brought, in the absence of the statutory authority.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2330–2343; Dec. Dig. § 524.\*]

At Law. Action by Gertrude Mattison, as administratrix of Bernie Mattison, deceased, against the Boston & Maine Railroad. On motion to remand the case to the Supreme Court of New York. Granted.

Leary & Fullerton, of Saratoga Springs, N. Y., for the motion.
Jarvis P. O'Brien, of Troy, N. Y., opposed.

RAY, District Judge. The defendant, Boston & Maine Railroad, is a corporation of the state of Massachusetts operating a line of railroad from Boston, Mass., to Mechanicville, N. Y., and has its principal office at Boston aforesaid. The plaintiff is the administratrix of the estate of one Bernie Mattison, deceased, who in his lifetime and at the time of his death was a citizen and resident of the state of Vermont. The said administratrix of his estate was duly appointed such by the probate court of the district of Bennington, state of Vermont, and is a citizen and resident of said state.

About July 20, 1912, said Bernie Mattison was injured in a collision with one of defendant's trains at a highway crossing situated in the Northern district of the state of New York, while traveling on the public highway, and soon thereafter died. It is alleged that such collision, injury, and death was caused by the negligence of the defendant corporation, and this action was brought in the Supreme Court of the state of New York under the statute to recover the damages sustained. The defendant removed the cause to the District Court of the United States of the district in which the accident and death occurred and in which the action was brought. The plaintiff moves to remand the cause, on the ground that the District Court of the Northern District of New York has no jurisdiction, and that the cause cannot be removed to that court, inasmuch as neither the plaintiff nor the defendant is a citizen of or a resident in the state of New York. This action is for the benefit of the widow and next of kin of said Bernie Mattison, and is brought under the New York statute.

[1] Section 24 of chapter 2 of the Judicial Code of the United States, in effect January 1, 1912, title, "The Judiciary," provides:

"The District Court shall have original jurisdiction as follows: First, of all suits of a civil nature, at common law or in equity; * * * or where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and (a) * * * or (b) is between citizens of different states. * * *"

Section 28 of chapter 3 of the Judicial Code, relating to District Courts, "Removal of Causes," provides:

"Any suit of a civil nature, at law or in equity, arising * * * may be removed by the defendant or defendants therein to the District Court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title ['The Judiciary'], and which are now pending or which may hereafter be brought, in *any state court,* may be removed into the District Court of the United States *for the proper district* by the defendant or defendants therein, being nonresidents of *that state.*"

Section 51, chapter 4 ("Miscellaneous Provisions"), provides as follows:

"Except as provided in the five succeeding sections, no person shall be arrested in one district for trial in another, in any civil action before a District Court; and, except as provided in the six succeeding sections, no civil suit shall be brought in any District Court against any person by any original

process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

If this action had been originally brought in the District Court of the United States, it should have been brought either in the District Court of the United States for the District of Vermont or the District Court of the United States for the District of Massachusetts. Do the words "District Court of the United States for the proper district," used in section 28, above quoted, absolutely limit removal to the District Court of the district in which the action should have been brought if commenced in the District Court of the United States? This question was answered in the affirmative in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, but that decision was materially modified later (In re Moore, 209 U. S. 490, 507, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Western Loan & Savings Co. v. Butte & Boston Con. Mining Co., 210 U. S. 368, 371, 28 Sup. Ct. 720, 52 L. Ed. 1101); it being held that if a case was brought in a Circuit Court (now District Court) where neither party resided the party might waive the fact that it was commenced in the wrong district and so necessarily holding that bringing a case in the wrong district is not jurisdictional in the strict sense, as nothing is better settled than that consent cannot confer jurisdiction on a court.

But in the case now before this court the plaintiff has not consented that the case be tried in the District Court of the Northern District of New York. The plaintiff insists that due regard must be had to the words "may remove said suit into the District Court of the United States for the proper district," and that while the cause may be removed into some other District Court and proceeded with if objection is not made, and the District Court would not be without jurisdiction, the court must remand on motion of the plaintiff if not removed to "the proper district." This court is of the opinion that this contention is correct, and that this cause must be remanded, unless the plaintiff can be regarded and treated as a resident and citizen of the Northern District of the State of New York.

In Ex parte Wisner, supra, it was held that the words in the removal statute then in force, "the Circuit Court for the proper district," evidently meant the Circuit Court of the district of the residence of the plaintiff. As the Judicial Code plainly provides that a plaintiff may bring his action against the defendant in the District Court of the district where the defendant resides, it seems plain that the defendant here might have removed this case to the District Court of the District of Massachusetts, but, objection being made by motion to remand, not to the District Court of the Northern District of New York, where neither the plaintiff nor the defendant resides, as that is not the proper district.

[2] The objection is made that removal is not made to the proper district. It is very plain that the District Court of the United States has jurisdiction of such an action (section 24, Judicial Code), and that if brought in the state court it may be removed (section 28, Judicial

Code); but under the provisions of this section it can only be removed to the "proper district," which is the district where the action might have been brought by this plaintiff (section 51, Judicial Code). The right of removal given by these statutes is not defeated by the act of the plaintiff in bringing the action in the state of New York.

[3] An action to recover damages for negligence is in tort, and not local, but transitory, and may be brought wherever the wrongdoer may be found. Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439, approved Stewart v. Baltimore & Ohio R. Co., 168 U. S. 445, 468, 18 Sup. Ct. 105, 42 L. Ed. 537.

[4] How the plaintiff can maintain this action in the state courts of the state of New York without taking letters in this state does not appear, unless the statute recently enacted may be made to apply, as it is well settled that an executor or administrator appointed in one state cannot maintain an action in another state in his representative capacity without taking out letters there, in the absence of a statute authorizing him so to do. Johnson v. Powers, 139 U. S. 156, 157, 11 Sup. Ct. 525, 526, 35 L. Ed. 112; Noonan v. Bradley, 9 Wall. 394, 399, 19 L. Ed. 757; J. B. & J. M. Cornell Co., Ltd., et al. v. Ward, 168 Fed. 51, 52, 93 C. C. A. 473.

The motion to remand must be granted.