RUBBER & CELLULOID HARNESS TRIMMING CO. v. JOHN L. WHITING-J. J. ADAMS CO.

(District Court, D. Massachusetts. December 31, 1913.)

No. 480.

1. COURTS (§ 270*) — UNITED STATES DISTRICT COURT — JURISDICTION — RESIDENCE OF PARTIES.

Under Judicial Code, § 51 (Act March 3, 1911, c. 231, 36 Stat. 1101 [U. S. Comp. St. Supp. 1911, p. 150]), providing that except as otherwise provided no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but that, where the jurisdiction is founded only on the fact of diverse citizenship, suits shall be brought only in the district of the residence of either the plaintiff or the defendant, a suit by an owner and user of registered trade-marks against a violator of its rights thereunder for an injunction and an accounting was one arising under the trade-mark laws of the United States, and jurisdiction thereof was not founded only on the fact of diverse citizenship, and hence the suit was subject to the provision forbidding suits in any district other than that of the defendant's residence.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 810; Dec. Dig. § 270.*]

2. REMOVAL OF CAUSES (§ 12*)—COURT TO WHICH CASE MAY BE REMOVED.

Under Judicial Code, § 51 (Act March 3, 1911, c. 231, 36 Stat. 1101 [U. S. Comp. St. Supp. 1911, p. 150]), providing that except as otherwise provided no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, and sections 28 and 29, authorizing the defendant in certain cases to remove the cause from a state court to the District Court of the United States for the proper district, a suit arising under the trade-mark laws of the United States against a New Jersey corporation could be maintained in the District Court for the District of

Massachusetts unless defendant objected, and hence, where such suit was brought in the Massachusetts state court, defendant could remove it to the District Court for that district.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

3. REMOVAL OF CAUSES (§ 106*)—REMAND—WAIVER OF RIGHT TO REMAND.

Where, after the removal of a cause from a state court to the United States District Court, plaintiff in stipulating that defendant might file an answer on or before a certain day and in taking other steps did so with the distinct statement that such steps were taken without waiving its objection to the jurisdiction, plaintiff did not thereby lose its right to move for a remand of the case to the state court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 216; Dec. Dig. § 106.*]

In Equity. Bill by the Rubber & Celluloid Harness Trimming Company against the John L. Whiting-J. J. Adams Company. On motion to remand to the Massachusetts Supreme Judicial Court. Denied.

Gaston, Snow & Saltonstall, of Boston, Mass., for complainant.
William Quinby, of Boston, Mass., for defendant.

DODGE, District Judge. The plaintiff, a New Jersey corporation having its principal place of business within that state, brought this bill in equity against the defendant, a Maine corporation alleged to have its principal place of business in Boston, in the Massachusetts Supreme Judicial Court. The defendant's attorney admitted due service of the writ summoning it to appear and answer.

The defendant seasonably filed its petition in the state court for the removal of the case here. The record was filed here September 13, 1913. On October 15th, the plaintiff filed this motion to remand. The ground alleged in the motion is that, in view of the citizenship and residence of the parties, the case is not within the original jurisdiction of this court.

[1] 1. The motion treats the case as if the diverse citizenship of the parties were the only ground upon which jurisdiction in a federal court could be maintained. The bill alleges that the plaintiff had owned and continuously used certain registered trade-marks. It proceeds to charge the defendant with violating its rights acquired in connection therewith. It asks an injunction and an accounting. I do not think the case thus presented is to be regarded as a suit in which the jurisdiction of this court can be "founded only on the fact that the action is between citizens of different states." Section 51, Judicial Code. I think it is also a suit arising under the trade-mark laws of the United States, and that the subject-matter, as set forth in the bill, is enough to confer federal jurisdiction; so that the applicable provision of section 51 is that forbidding a defendant to be sued in any district than that whereof he is an inhabitant.

[2]. 2. The plaintiff, then, might have brought the suit in this court originally, if it could get service on the defendant within this district, as it has. This court would have retained jurisdiction unless the de-

fendant had objected that it was not being sued in the district of its residence. That it might have raised this objection is of no consequence for the present purpose, since it is the defendant who has invoked the jurisdiction of this court by its petition for removal. This court, being the District Court to be held in the district where the suit was pending before removal, is the District Court "for the proper district," into which sections 28 and 29 of the Code gave the defendant the right to remove it. The defendant having exercised that right, I am unable to see that section 51 affords the plaintiff any valid ground of objection. Mattison v. Boston & M. R. R. (D. C.) 205 Fed. 821, like the other cases upon which the plaintiff relies, was a case wherein the jurisdiction depended solely upon diverse citizenship.

[3] 3. The defendant contends that, if the plaintiff ever had any right to object to the jurisdiction, that right has been waived by the steps taken in this court on the plaintiff's behalf since the removal here; but no one of these steps appears to have been taken without the distinct statement by the plaintiff that it was taken without waiving its objection to the jurisdiction and insisting thereupon. In a stipulation between the parties, filed October 14th, it is distinctly agreed that the defendant may file an answer on or before a certain day, without waiving the plaintiff's right to object to the jurisdiction and to move to remand. I am unable to hold that the plaintiff has lost the right to object, but I must overrule its objection.

The motion to remand is denied.