## STEWART *v.* CYBUR LUMBER CO.

[72 South. 276.]

1. REMOVAL OF CAUSES. *Suits between nonresidents. Removal to federal courts. Removal to improper district. Jurisdiction.*

   A controversy between a citizen of one state and a citizen of another state in a third state is not removable from the state court to the federal court.

2. REMOVAL FROM STATE TO FEDERAL COURT. *Improper district. Jurisdiction.*

   Under section 29 of the Judicial Code (Act March 3, 1911, chapter 231, 36 Stat. 1095, U. S. Comp. St. 1913, section 1011), regulating the removal of suits from state courts to federal courts, a federal court in a district other than the district including the place where such suit was brought is without jurisdiction of a case on removal.

3. REMOVAL OF CAUSES. *From state to federal courts. Improper districts. Jurisdiction.*

   Where a suit between parties, residents of different states, was brought in a state court and neither plaintiff nor defendant were residents of such states, a judgment by default in the federal district court to which removal was attempted was void for want of jurisdiction, especially as notice was given to appear in the proper district, which was in Mississippi, while judgment was rendered by an Alabama district court.

APPEAL from the circuit court of Pearl River county. HON. A. E. WEATHERSBY, Judge.

Suit by A. W. Stewart against the Cybur Lumber Company. From an order overruling plaintiff's demurrer to defendant's plea to the jurisdiction and his plea in abatement, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Gex & Waller* and *Bilbo & Shipman,* for appellant.

*E. J. Bowers* and *R. E. Thompson,* for appellee.

POTTER, J., delivered the opinion of the court.

A. W. Stewart, appellant here and plaintiff in the court below, filed his suit against the Cybur Lumber Company, appellee here and defendant in the court below, in the circuit court of Pearl River county for fifty thousand dollars damages for an alleged breach of a contract between the defendant company and the plaintiff, whereby the defendant company, it is alleged, had employed plaintiff to cut, haul and deliver certain timber on its lands in Pearl River county to its mill-pond in said county and state.

The defendant made a motion for the removal of this case to the district court of the United States for the "proper district" and filed a petition setting out that the amount in dispute in this suit exceeds the sum or value of three thousand dollars exclusive of interest and cost, and that the controversy in said suit is, and at the time of the commencement of this suit was, between citizens of different states; that the defendant is a corporation chartered and organized under the laws of the state of Alabama and domiciled in the city of Mobile, and is a nonresident of the state of Mississippi; and that the plaintiff, A. W. Stewart, was then, and still is, a resident of the state of Louisiana, and with this petition the bond required by law was properly filed. The motion of the defendant company to remove this cause to the district court of the United States was heard and the motion denied by the circuit court of Pearl River county, and thirty days was granted to the defendant to plead, and the plea of general issue was filed by it in accordance with the leave granted. A motion was made by the defendant after having filed its plea of general issue to withdraw its said plea and file pleas to the jurisdiction and in abatement of said suit. The record does not show that this motion was acted on by the court.

It appears from the record that the defendant had obtained a certified copy of the proceedings in this

case and had filed same, with petition, bond, etc., in the district court of the United States for the southern district of Alabama at Mobile, and notice was served on the plaintiff to appear at the district court of the United States "for the proper district" to defend said suit, and that the plaintiff did appear at the United States district court at Biloxi, Miss., the district in which Pearl River county is situated, and found that the record in the case had not been filed there. The defendant appeared at the district court in Mobile, and obtained a judgment for want of prosecution; the plaintiff being uninformed that said transcript had been removed to Mobile.

The plea to the jurisdiction and plea in abatement above mentioned were filed. Each of these last-mentioned pleas sets out the judgment of the district court of the United States for the southern district of Alabama as its basis. To each of these pleas the plaintiff filed a demurrer, upon the ground that the judgment of the district court of the United States relied upon was void because the court trying same had no jurisdiction of any sort to render said judgment. The demurrers to the pleas above mentioned were overruled.

The District Judge of the United States of the southern district of Alabama delivered a written opinion holding that, where a citizen of one state sues a citizen of another state in a third state, as in this case a citizen of Louisiana sues a citizen of Alabama in Mississippi, the suit is removable on the ground that the suit has to be brought where either the plaintiff or the defendant lives and that in this case the suit was brought where neither one lived. But it is well settled that this view is erroneous, and that a controversy between a citizen of one state and a citizen of another state in a third state is not removable.

In *Ex parte Abraham C. Wisner,* 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, the supreme court of the United States says:

"A suit, which by reason of the nonresidence of both parties could not have been brought in the federal circuit (district) court in the first instance, cannot be removed to that court from a state court, under the acts of March, 1887, . . . on the ground of diverse citizenship, at least where the plaintiff resists such removal, even if the consent of both parties could confer such jurisdiction." *Bottoms* v. *St. L. & S. F. R. Co.* (C. C.), 179 Fed. 318; *Waterman* v. *Chesapeake & O. Ry. Co.* (D. C.), 199 Fed. 667; *Hall et al.* v. *Great Northern Ry. Co.* (D. C.), 197 Fed. 489; *St. Louis & S. F. Ry. Co.* v. *Casselberry* (Tex. Civ. App.), 139 S. W. 1161; *St. L. & S. F. Ry. Co.* v. *Matlock* (Tex. Civ. App.), 141 S. W. 1067; *St. L. & S. F. Ry. Co.* v. *Kiser* (Tex. Civ. App.), 136 S. W. 852; *Gillespie* v. *Pocahontas Coal & Coke Co.* (C. C.), 162 Fed. 742; *Gruetter* v. *Cumberland Telephone & Telegraph Co.* (C. C.), 181 Fed. 248; *Roberts* v. *Chicago, B. & Q. Ry. Co.* (C. C.), 168 Fed. 316.

In rendering its judgment the federal district court at Mobile held that the Alabama defendant had a right to remove this cause under the law of the United States to the district court of his residence, and that the "proper district," in the language of section 29 of the Judicial Code, is the district where the defendant resides, and cites as authority for this holding the case of *Mattison* v. *Boston & M. R. R. Co.* (D. C.), 205 Fed. 821. The Mattison Case was decided by District Judge Ray of the district court of the United States for the northern district of New York, and that part of the opinion dealing with the subject under discussion is *obiter dictum* and is not supported by the authorities cited by him. These cases only hold that by consent of both parties a federal court held in a district other than that from which a case in a state court has been removed may acquire jurisdiction, but holding expressly that without such consent or waiver the United States courts can never acquire jurisdiction.

The plain language of section 29 of the Judicial Code, in so far as it relates to the question now under consideration, is as follows:

"Whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such is pending," etc.

In *Hess* v. *Reynolds,* 113 U. S. 73, 5 Sup. Ct. 377, 28 L. Ed. 927, Judge Miller, in passing upon the very question at issue, said:

"It is argued that the cause should have been removed to the circuit court for the western district of Michigan, instead of the eastern, because the county of Ionia, in which the suit originated, is in the former. But the language of the removal statute is that suits shall be removed into the circuit court of the district where such suits are pending. Undoubtedly this means where they are pending at the time of removal. This suit was not then pending in the western district of Michigan, but in the county of Jackson, which is in the eastern district of that state."

In *Re St. John* v. *U. S. Fidelity & Guaranty Co.* (D. C.), 213 Fed. 685, in passing upon this question and in answer to the contention of the defendant, who had sought to remove the case to the district court of Maryland, the suit having been brought in the state court of Montana by a citizen of a state other than Montana against a citizen of the state of Maryland, that court said:

"For forty years, therefore, persons in like case with the defendant now before the court have had the right which it seeks to exercise. Those who have sought to remove their cases have often been persons or corporations who could command, and did command, the services of the ablest and most astute counsel. So far as the books disclose, this particular defendant is the first who has ever supposed that the statute gave it the right to remove a case from a state court into a court of the United States for any other district than that in which the state court suit was pending.

"The burden of proof rests on one who alleges that Congress intended that a defendant, liable to summons in Montana and there sued, should have the right to remove its case for trial in Maryland. The lawmakers cannot lightly be supposed to have had any such intention. It is, however, unnecessary to further discuss the subject. Indeed, it might have been as well to have cited the plain language of section 29 and there rested.

"There has been no appearance for the plaintiff in this court. Doubtless it assumed that none was necessary. The absence of jurisdiction here was sufficiently apparent on the face of the record. The counsel who for the defendant in Montana instituted these removal proceedings has not followed the case across the continent. It has here been represented with distinguished ability and industry. No authority in support of its contention has been brought to the attention of the court. Counsel frankly concedes that he can find none.

"This court is without jurisdiction, and the case must be remanded to the state court of Montana, from whence it came."

To the same effect are *Waterman* v. *Chesapeake & O. Ry. Co.* (D. C.), 199 Fed. 667; *Rubber & Celluloid Harness & Trimming Co.* v. *John L. Whiting et al.* (D. C.), 210 Fed. 393; *Smellie* v. *Southern Pac. Co.* (D. C.), 197 Fed. 641; *St. L. & S. F. Ry. Co.* v. *Kitchen,* 98 Ark. 507, 136 S. W. 970, 50 L. R. A. (N. S.) 828.

It is contended, however, that notwithstanding the fact that the district court of Alabama was in error in sustaining the petition for removal on the ground of the diverse citizenship of a resident of Louisiana and a resident of Alabama in a suit brought in Mississippi, and that, even if it be true that the district court of Alabama is not "the court of the proper district," nevertheless the Alabama court had assumed jurisdiction and passed on the questions and rendered judgment, and that due faith and credit must be given to its judgment, and that the proper remedy for the plaintiff in this suit is by way of appeal, and that this judgment, being unreversed, is binding on all courts, and in support of its contention cites the case of *Chesapeake & O. R. Co.* v. *McCabe*, 213 U. S. 207, 29 Sup. Ct. 430, 53 L. Ed. 765; but in that case the court had jurisdiction both of the subject-matter and of the persons, because the case was removed to the district court of the "proper district," and for that reason the voidable judgment was binding on all other courts until reversed on appeal. This judgment, however, is not merely voidable, but void, because the court to which the case was removed had no jurisdiction over the persons, for in the first place none is conferred by law, and in the next place no notice that the case had been removed to the district court of Alabama was served on the plaintiff, but he was cited to appear in the "proper court," and did appear in the proper court at Biloxi, Miss., and found that the transcript of the record in this case had not been filed there. *Mallow et al.* v. *Hinde*, 12 Wheat. (U. S.) 195, 6 L. Ed. 599; *Herndon* v. *Ridgway et al.*, 58 U. S. (17 How.) 424, 15 Ed. 100; *Chaffe* v. *Hayward*, 20 How. (U. S.) 215, 15 L. Ed. 851; *United States* v. *Crawford* (C. C.), 47 Fed. 564; *Illingworth* v. *Atha* (C. C.), 42 Fed. 145. The judgment of the federal district court of Alabama was void, and could therefore be attacked collaterally and should have been disregarded by the circuit court of

Pearl River county. *Lester* v. *Miller,* 76 Miss. 309, 24 So. 193; *Lake* v. *Perry,* 95 Miss. 550, 49 So. 569; *Mohler* v. *Shank,* 93 Iowa, 273, 61 N. W. 981, 34 L. R. A. 161, 57 Am. St. Rep. 274; *In re Christensen,* 17 Utah, 412, 53 Pac. 1003, 41 L. R. A. 504, 70 Am. St. Rep. 794; *Mastin* v. *Gray,* 19 Kan. 458, 27 Am. Rep. 149; *Kramer* v. *Holster,* 55 Miss. 243; *Harris* v. *Hardeman et al.,* 14 How. (U. S.) 334, 14 L. Ed. 444; *Clark* v. *P. O. Wells,* 203 U. S. 164, 27 Sup. Ct. 43, 51 L. Ed. 138; *Hollingsworth, etc.,* v. *Barbour,* 4 Pet. (U. S.) 467, 7 L. Ed. 922; *Mexican Central Ry. Co.* v. *Pinkney,* 149 U. S. 194, 13 Sup. Ct. 859, 37 L. Ed. 699; *Kendall, etc.,* v. *United States, etc.,* 12 Pet. (U. S.) 524, 9 L. Ed. 1181; *Lessees of Walden* v. *Craig's Heirs et al.,* 14 Pet. (U. S.) 147, 10 L. Ed. 393; *Wilson* v. *Seligmen,* 144 U. S. 42, 12 Sup. Ct. 541, 36 L. Ed. 338; *P. W. & B. Ry. Co.* v. *Trimble et al.,* 77 U. S. (10 Wall.) 367, 19 L. Ed. 948; *Scott* v. *McNeal et al.,* 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. Ed. 896.

The demurrers of the plaintiff to defendant's plea to the jurisdiction and plea in abatement should have been sustained.

*Reversed and remanded.*