## WEBB et al. v. SOUTHERN RY. CO.

(Circuit Court of Appeals, Fifth Circuit. February 20, 1918.)

No. 3071.

1. REMOVAL OF CAUSES ☜88—PROCEEDINGS—BOND.
   Under Judicial Code (Act March 3, 1911, c. 231) § 29, 36 Stat. 1095 (Comp. St. 1916, § 1011), providing that a party desiring to remove a suit shall file a petition for removal of such suit into the District Court to be held in the district where such suit is pending, and shall make and file therewith a bond with good and sufficient surety for his or their entering in such District Court a certified copy of the record and for paying all costs that may be awarded by such District Court, if it shall hold the suit was wrongfully or improperly removed, a removal bond conditioned upon the filing of the record either in the District Court for the district wherein the action was begun or in the District Court for another district is insufficient, and does not authorize removal.

2. REMOVAL OF CAUSES ☜48—SEPARABLE CONTROVERSY.
   Where an action was begun in the state court by several plaintiffs only one of whom was a resident of the state against defendant a nonresident, defendant is not entitled to remove the cause to the federal court, unless there is a separable controversy between it and that plaintiff who was a resident of the state wherein the action was begun.

3. COURTS ☜366(2)—PRECEDENTS—DECISIONS OF STATE COURT.
   A decision of a state court, affirming the constitutionality of a state statute, is not conclusive on the federal courts, where the statute is attacked as in violation of the federal Constitution.

4. REMOVAL OF CAUSES ☜30—PARTIES—WHO ARE—STATUTE.
   Under Code Ala. 1907, § 2490, declaring that, in all cases where suits are brought in the name of the person having the legal right for the use of another, the beneficiary must be considered the sole party in the record, an action begun by resident of Alabama in the state court against a Virginia railroad company, to recover for damages from a fire alleged to have resulted from the railroad company's negligence, where the Alabama resident, who had received payment from two nonresident insurance companies, sued in part for their benefit, such companies having become partially subrogated to his rights, must be treated as a suit by three plaintiffs, only one of whom was a citizen of Alabama.

5. REMOVAL OF CAUSES ☜52—SEPARABLE CONTROVERSIES.
   An Alabama resident, whose property had been injured and destroyed by fire alleged to have been negligently caused by a railroad company, a Virginia corporation, sued the railroad company in the Alabama state court. He sued in part for the benefit of insurance companies, residents, respectively, of a foreign state and a foreign country, which had paid a portion of the loss and were subrogated in part to the rights of the owner. *Held* that, as recovery by each depended on the railroad company's liability, there was no separable controversy between the owner of the property and the defendant railroad company which would justify removal of the cause to the federal court.

In Error to the District Court of the United States for the Southern District of Alabama; Henry D. Clayton, Judge.

Action by John C. Webb (individually and for the use of the Queen Insurance Company of America and the London & Lancashire Fire Insurance Company), the Queen Insurance Company of America, and the London & Lancashire Fire Insurance Company against the Southern Railway Company, begun in the state court and removed to the

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

federal court. Motion to remand being denied (235 Fed. 578), plaintiffs bring error. Reversed.

Alex C. King, of Atlanta, Ga., Alexander M. Garber, of Birmingham, Ala., and Hugh Mallory, of Selma, Ala., for plaintiffs in error.

E. W. Pettus, of Selma, Ala., and J. T. Stokely, of Birmingham, Ala. (Stokely, Scrivner & Dominick, of Birmingham, Ala., Henry McDaniel, of Demopolis, Ala., and Pettus, Fuller & Lapsley, of Selma, Ala., on the brief), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This was an action brought in the law and equity court of Marengo county, Ala., to recover damages for the injury to and destruction of property by fire alleged to have been negligently caused by the defendant in error, the Southern Railway Company, a corporation organized under the laws of the state of Virginia. The plaintiffs in the suit were John C. Webb, a citizen of Alabama, the owner of the injured and destroyed property, suing for the use of himself and of two insurance companies, one a corporation of the state of New York and the other a British corporation, and the two insurance companies. The complaint showed that each of these companies had insured against loss by fire property of Webb which was burned, the loss by the fire covered by one of the policies being $12,626.66, and that covered by the other policy being $19,-931.84, which amounts were paid to Webb by the respective insurance companies before the suit was brought, and that Webb had assigned in writing to each of the insurance companies, to the extent of the payment made by it, an interest in his claim against the defendant for negligently causing the fire. The defendant undertook to remove the suit to the federal court. The petition for removal alleged that Webb is a citizen of Alabama, that the defendant is a Virginia corporation, with its principal place of business at Richmond, in the Eastern judicial district of that state, and that "the District Court of the United States for the Northern Division of the Southern District of Alabama, or the District Court of the United States for the Eastern District of Virginia, * * * has jurisdiction to try and determine this suit," and prayed an "order of removal of said cause to the said United States District Court for the proper district." The condition of the bond which accompanied the petition for removal was as follows:

"The condition of the above obligation is such that, whereas, said Southern Railway Company, a corporation, has applied by petition to the Marengo law and equity court of Marengo county, Ala., for the removal of the above-entitled cause to the District Court of the United States for the Northern Division of the Southern District of Alabama, or to the District Court of the United States for the Eastern District of Virginia: Now, if the said Southern Railway Company, a corporation, shall enter in such District Court, within 30 days from the date of the filing of said petition in this court, a certified copy of the record in this suit, and shall pay all costs that may be awarded by said District Court, if the said District Court shall hold that such suit was wrongfully or improperly removed thereto, then the obligation shall be void; otherwise, to remain in full force and effect."

The state court refused to make an order for the removal of the case. Within the time stated in the condition of the removal bond the defendant filed a transcript of the removal proceedings and of the record in the suit in the United States District Court for the Northern Division of the Southern District of Alabama. Thereupon the plaintiffs filed in that court a motion to remand the case to the state court on the following grounds:

"(1) Because, upon the allegations in the petition to remove and the pleadings, the Southern district of Alabama appeared to be not the district of the residence of either the plaintiffs or of the defendant, and that this court could not properly acquire jurisdiction of the case, it being one of which it would not have had original jurisdiction.

"(2) Because the petition for removal was not one for a removal to the United States District Court for the Southern District of Alabama, but one which prayed for a removal to either that court or to the United States District Court for the Eastern District of Virginia, without saying to which court the removal was prayed, and the bond was conditioned to be void if the record was filed in either of these districts."

"(3) Because no petition and bond for removal in accordance with the United States statutes permitting such removal has been filed."

This motion was overruled, and, as a result of a trial, there was a final judgment for the defendant.

[1] The right to remove a suit from a state to a federal court is conditioned upon the party entitled to a removal filing a petition "for the removal of such suit into the District Court to be held in the district where such suit is pending" and upon his making and filing therewith "a bond, with good and sufficient surety, for his or their entering in such District Court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said District Court if said District Court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein." Judicial Code, § 29 (Comp. St. 1916, § 1011). A petition so framed that its prayer would be granted by an order removing the suit into a court other than "the District Court to be held in the district where such suit is pending" could not well be regarded as such a petition as the statute prescribes. For a bond to be in substantial conformity with the requirement of the statute its condition must be such that it would be breached by a failure to file a certified copy of the record in the suit in the District Court of the United States "held in the district where such suit is pending." The bond in question in this case did not contain such a condition. Its condition, in so far as it dealt with the matter of filing a certified copy of the record, might have been fully performed without a certified copy of the record ever being filed in the District Court for the Southern District of Alabama. In the respect mentioned the condition would have been satisfied by entering a certified copy of the record in a place other than "the District Court to be held in the district where such suit is pending." There is a failure to comply with a prescribed prerequisite of removal when the only bond filed is so conditioned that liability on it could be discharged without entering a certified copy of the record in the suit

in the district court of the district where the suit is pending. Alexandria National Bank v. Willis C. Bates Co., 160 Fed. 839, 87 C. C. A. 643.

[2-4] As neither all the plaintiffs nor the defendant company are residents of the district in which the suit was brought, the suit was not removable unless it involved a separable controversy between the plaintiff who is a resident citizen of that district and the defendant. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. The two insurance companies were part legal owners of the cause of action asserted, and were entitled to join in bringing and prosecuting the suit with their assignor Webb, who retained an interest in the claim against the defendant, if a statute of Alabama which provides that "claims against railroad companies, for injuries to property, may be assigned in writing, and each successive assignee thereof may sue thereon in his own name" (Code of Alabama 1907, § 5159), is constitutionally valid. The Supreme Court of Alabama has decided that the statute quoted is valid. Parnell v. Southern Railway Co., 74 South. 437. As the validity of the statute is questioned on the ground that it is violative of the Constitution of the United States, that decision is not conclusive. But, whether that statute is valid or not, the act of Webb in bringing the suit for the use of himself and the two insurance companies had the effect of making those companies real parties plaintiff. "In all cases where suits are brought in the name of the person having the legal right for the use of another, the beneficiary must be considered the sole party in the record." Code of Alabama (1907) § 2490.

A manifest effect of this statute is to require that one for whose use a suit is brought be recognized as a real plaintiff, though the person having the legal right and in whose name the suit is brought is also to be recognized as a real plaintiff because of the fact that he also has or retains a beneficial interest in the recovery sought. If the instruments which purported to be assignments by Webb of interests in his cause of action against the railway company were ineffective to make the insurance companies part legal owners of that cause of action, so as to entitle them to join as plaintiffs in a suit at law asserting it, still they were effective as contract or conventional subrogations of the insurance companies to Webb's rights to the extent of the specified amounts of any recovery on the cause of action against the railway company. They evidenced the recognition or admission by the person in whose favor the cause of action accrued that the two insurance companies were beneficially interested in any recovery on that cause of action, and made Webb's suit one in fact, as it purported to be, in behalf of himself and of the two insurance companies which, before the suit was brought, had acquired legally cognizable beneficial interests in the cause of action asserted. Though Webb be regarded as the sole legal owner of the cause of action asserted and the sole proper nominal party plaintiff, the fact that he sued for the use of himself and the two insurance companies beneficially interested in the recovery had the effect, under the statute last quoted, of requiring the recognition of those companies as being as real parties plaintiff in the record as Webb himself. Southern Railway Co. v. Stonewall Ins. Co., 163

Ala. 161, 50 South. 940; Henderson v. Hall, 134 Ala. 455, 32 South. 840, 63 L. R. A. 673. The statute operates to make the suit one by three plaintiffs, respectively citizens of Alabama, New York, and Great Britain, against a Virginia corporation, to recover damages for a tort alleged to have been committed by the latter.

[5] For the defendant, a citizen of Virginia, to sustain its claim of right to remove the suit, it must be one involving a controversy between it and the plaintiff who is a citizen of the district in which the suit was brought, which can be fully and finally determined between them without affecting the interest in the subject-matter of others whose relation to the suit as it was brought is that of plaintiffs in the record. The suit having been rightfully so brought as to make it one by three plaintiffs to recover on a single and indivisible cause of action, the absence of a separate and distinct cause of action in favor of the resident plaintiff against the defendant, which can be finally disposed of between them without affecting the interest of the other plaintiffs in the single cause of action sued on, makes the suit unremovable by the defendant, though one of the plaintiffs might have brought a removable suit based on the same cause of action by suing alone and for the use of himself only to recover damages for the burning of property of his not covered by the insurance policies, the injury to or loss of which did not affect the insurers. Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121; Fraser v. Jennison, 106 U. S. 191, 1 Sup. Ct. 171, 27 L. Ed. 131; Chicago, R. I. & Pac. Ry. v. Dowell, 229 U. S. 102, 33 Sup. Ct. 684, 57 L. Ed. 1090. It is quite apparent that the only controversy between the plaintiff Webb and the defendant, which the suit as it was brought discloses, is one in which the two insurance companies are vitally interested. The sole right of recovery claimed by Webb is one as to which he asserts the right of the two insurance companies to share. They lose by a failure to maintain the suit. A cause of action asserted cannot be judicially disposed of without affecting the beneficial owner of a share in it. There did not exist in the suit a separate and distinct cause of action in favor of Webb alone. A removal of the suit only in so far as it represented an effort of Webb to recover something for his own use would require a splitting of the single cause of action counted on. This cannot be done, because of the indivisibility of that cause of action.

Before the suit was brought the two insurance companies acquired such a beneficial interest in the recovery sought as to justify the bringing of the suit for the joint use of them and of the plaintiff to whom the single and indivisible cause of action counted on originally accrued. The record discloses that they have such a relation to the suit as requires that they be treated as parties plaintiff. The suit counts on a single cause of action in which each of the three real plaintiffs has an interest, all of them being on one side of the controversy raised. The citizenship of the parties is such as to make the suit as it was brought one which is not removable, as it is not one which could have been brought in the court below, neither all the plaintiffs nor the defendant being residents of that district, and the suit not involving a separable controversy between the defendant and the plaintiff who is

a resident of that district. Turk v. Illinois Central R. Co., 218 Fed. 315, 134 C. C. A. 321; Gaugler v. Chicago, M. & P. S. Ry. Co. (D. C.) 197 Fed. 79.

The conclusion is that the court was in error in overruling the motion to remand. The judgment is reversed, with direction to grant that motion.

Reversed.