## THOMAS v. DELTA LAND & WATER CO. et al.

(District Court, D. Nevada. Sept. 26, 1918.)

Nos. 2219, 2223, 2224, 2228, 2229, 2230, 2234.

1. REMOVAL OF CAUSES ⟺102—REMANDING CAUSE TO STATE COURT.
    Where the facts upon which the right to have a case tried in the United States District Court are not clear, a motion to remand to the state court should be granted.

2. REMOVAL OF CAUSES ⟺14—PLACE OF REMOVAL—"PROPER DISTRICT."
    Under Judicial Code, § 28 (Comp. St. § 1010), providing that certain cases may be removed from state courts to District Courts of the United States for the "proper district," a cause can only be removed to the federal court for the district in which the state court is situated, in view of sections 29, 51 (Comp. St. §§ 1011, 1033), no other United States District Court having jurisdiction.

    [Ed. Note.—For other definitions, see Words and Phrases, Second Series, Proper District.]

3. REMOVAL OF CAUSES ⟺88—BOND.
    The filing of the bond referred to in Judicial Code, § 29, is a condition precedent, and essential to the enjoyment of the right of removal of a cause from a state court to a United States District Court.

At Law. Actions by Richard Thomas, C. H. Castle, by Raymond E. Beardsley and another, by David Porter, by Joseph Marcelino, by Fannie M. Forbes, and by Edward C. Perrin, respectively, against the

Delta Land & Water Company and others. On motions by plaintiffs to remand. Motions allowed.

Evans, Evans & Folland, Walton & Walton, and Dey, Hoppaugh & Fabian, all of Salt Lake City, Utah, for plaintiffs.

Story & Steigmeyer, and Wm. Story, Jr., all of Salt Lake City, Utah, for defendant Delta Land & Water Co

FARRINGTON, District Judge. Each of the above-entitled actions was commenced in the district court of the Fifth judicial district, in and for the county of Millard, in the state of Utah, and removed to this court on petition of the defendant Delta Land & Water Company. Each of the plaintiffs is a resident and citizen of California. The Delta Land & Water Company is a Nevada corporation, and the other defendants, Prout and McPherson, are residents and citizens of Utah. In each case it is alleged that the plaintiff or plaintiffs were induced by the fraudulent representations of the defendants to purchase from the defendant 'company certain water rights, also to enter certain tracts of land in Millard county, Utah, and that the lands proved to be utterly worthless. The plaintiffs claim damages, actual and exemplary, in amounts varying from $11,001.59 in the Porter Case, to $70,500 in the Beardsley Case. Motion to remand is made in each suit, and, as all involve precisely the same questions, they will be considered together.

Removals were asked on the ground of diverse citizenship. The claim is made that Prout and McPherson had, and have, no interest whatever in this controversy, and that they were fraudulently joined as defendants in order to prevent removal to the federal court. Be this as it may, the question as to whether causes pending in the state court of Utah are removable to the United States District Court of Nevada for trial must be determined in any event, and, as this question is decisive, the former may be laid aside and the Delta Company will be regarded as the only defendant.

[1] Where the facts upon which the right to have a case tried in this court are not clear, a motion to remand should be granted; in fact, federal courts have almost uniformly denied the right of removal in doubtful cases. Eddy v. Chicago & N. Y. Ry. Co. (D. C.) 226 Fed. 120; Nash v. McNamara (C. C.) 145 Fed. 541; Vanderbilt v. Kerr (C. C.) 188 Fed. 537.

[2, 3] Section 28 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094 [Comp. St. § 1010]) provides that controversies over which the District Courts of the United States are given original jurisdiction, brought "in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district." No attempt is made in section 28 to define the term "proper district." The Delta Company contends that it must be construed to be the district in which the plaintiff or defendant is a resident, and, as neither the Delta Company nor the plaintiffs are residents of Utah, the controversy between them cannot be removed to the United States District Court for that state; and if there can be no removal to California, the residence of the

plaintiffs, nor to Nevada, the residence of the defendant, there can be no removal at all, notwithstanding the provision in section 28 for removal to the proper district.

Section 51 of the Judicial Code (section 1033) declares that, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." In the same section it is also provided that "no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

Plaintiffs could have instituted this suit against the Delta Company in the federal court for Nevada, but from this it does not necessarily follow that defendant has a reciprocal right of removal to Nevada. The provisions quoted from section 51 render it impossible to harass a defendant by bringing suits against him in a federal court of a distant state, simply because such distant state happens to be the residence of the plaintiff. This consideration for the defendant suggests similar safeguards for the plaintiff, and undoubtedly moved Congress, in formulating the procedure for removal of causes in section 29 (section 1011), to provide for removals only "into the District Court to be held in the district where such suit is pending."

It might be a serious hardship, if not an absolute denial of justice, to permit a defendant by removal proceedings to transfer the trial of a cause to a federal court far distant from the state in which the cause of action arose, and from the district in which the plaintiff resides, with no other ground for such removal than the fact that defendant, possibly in anticipation of such litigation, may have taken the precaution to be organized and to be brought into existence, in a state separated, as far as possible, from the locality in which it was proposed to do business. If the purpose in drafting section 28 was to confer an advantage on the defendant, the intention could have been clearly expressed in appropriate language.

Section 29 of the Judicial Code, which shows how the right of removal is to be exercised, declares that:

"Whenever any party entitled to remove any suit mentioned in the last preceding section * * * may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition, duly verified, in such suit in such state court * * * for the removal of such suit *into the District Court to be held in the district where such suit is pending,* and shall make and file therewith a bond * * * for his or their entering in such District Court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said District Court. * * * The said copy being entered * * * in said District Court * * * the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court."

The meaning of the term "proper court," as used in section 28, is limited, controlled, and explained, not only by sections 28 and 51, but also by section 29. Section 28 confers a right on certain persons to have a defined class of cases tried in the federal court. In the fol-

lowing section it is said that persons desirous of availing themselves of this right shall, within a fixed time, file in the state court where the suit is pending a petition for removal to the federal court for the district in which the state court is situated, together with a bond containing conditions for diligently prosecuting the cause, and payment of costs. The filing of the bond, conditioned as provided, within the time fixed, is a condition precedent, and essential to the enjoyment of the right of removal.

In preparing the petitions for removal and the bonds, defendant has ignored the provisions of section 29. This defect has not been waived. The only right of removal which defendant can claim is that conferred by the Judicial Code, and inasmuch as removal is purely a matter of grace, and the method by which defendant may avail itself thereof is provided by the statute, I am of the opinion that the method formulated in section 29 is exclusive, and that this court has no jurisdiction. This is in accord with the ruling in the following cases: Eddy v. Chicago & N. W. Ry. Co. (D. C.) 226 Fed. 120; Ostrom v. Edison (D. C.) 244 Fed. 228; St. John v. Taintor (D. C.) 220 Fed. 457; Webb v. Southern Ry. Co., 248 Fed. 618, 160 C. C. A. 518; St. John v. U. S. Fidelity & Guaranty Co. (D. C.) 213 Fed. 685; Cincinnati, H. & D. Ry. Co. v. Orr (D. C.) 215 Fed. 261; Stewart v. Cyburn Lumber Co., 111 Miss. 844, 72 South. 276.

The motion to remand is allowed, with costs to plaintiffs.