## LOUISVILLE & N. R. CO. v. GARNETT et al.

[96 South. 519. In Banc. No. 23377.]

1. COURTS. · *Statute as to venue held not to limit jurisdiction, merely conferring privilege on defendant which is waived by appearance without asserting it.*

   The provision in section 51 of the federal Judicial Code (U. S. Comp. St. section 1033), that, where jurisdiction is founded on diversity of citizenship, suit shall be brought only in the district of the residence of either the plaintiff or the defendant, does not limit the jurisdiction of the district courts, but merely confers a personal privilege on the defendant, which he may assert or waive, at his election.

2. REMOVAL OF CAUSES. *Suit between citizen of state other than that in which suit brought removable to federal district court where suit pending; district in which suit pending is "proper district" for purposes of removal.*

   Where a suit is instituted in the courts of a state of which neither the defendant nor the plantiff is a resident, the defendant may remove the case into the federal district court of that state, under sections 28 and 29 of the federal Judicial Code (U. S. Comp. St. sections 1010, 1011), permitting any suit of a civil nature of which the district courts have jurisdiction to be removed into the district court of the United States for the proper district by the defendant, being a nonresident of the state; the proper district being defined to be that in which the county is situated from which the removal is made.

APPEAL from circuit court of Harrison county.·

HON. D. M. GRAHAM, Judge.

Action by M. J. Garnett, Sr., and others, against the Louisville & Nashville Railroad Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded, with directions.

*Smith, Young, Leigh & Johnston,* for appellant.

*Rushing & Guice* and *Mize & Mize,* for appellee.

No brief found in the record for counsel on either side.

COOK, J., delivered the opinion of the court.

The appellees, mother and father and brothers of James F. Garnett, deceased, instituted this suit in the circuit court of Harrison county, Miss., against the appellant, Louisville & Nashville Railroad Company, to recover damages resulting from the alleged wrongful death of said decedent caused by appellant. Appellees recovered judgment in the sum of fifteen thousand dollars, and from this judgment the appellant prosecuted this appeal.

This is the second appearance of this cause in this court, the opinion on the former appeal being reported in 129 Miss. 795, 93 So. 241. Prior to the first trial in the court below, and in the manner provided by the federal statutes on the subject, the appellant sought to remove the cause to the Federal district court for the Southern district of this state, in which district Harrison county is situated; the application for removal being based on the ground of diversity of citizenship of the parties, in connection with the fact that the amount in dispute exceeded the sum of three thousand dollars. Appellant's petition for removal alleged, in addition to the existence of the jurisdictional amount and other formal requisites, that appellant was a Kentucky corporation and a resident and citizen of that state, while the appellees were residents and citizens of the state of Alabama. The trial court refused to grant the order of removal, and on appeal this action of the court was assigned as error. In response to this assignment, the court, following the cases of *Stewart* v. *Cybur Lumber Co.,* 111 Miss. 844, 72 So. 276, and *Ex parte Wisner,* 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, held that:

"Under the provisions of sections 24, 28 and 51 of the Federal Judicial Code (U. S. Comp. St., sections 991, 1010, 1033), a cause involving more than three thousand dollars between citizens of different states, brought in the court of a state of which both parties are nonresidents, is not removable to the Federal district court for the district in which such state court is located."

It was also held that there was no reversible error aris-ing on the trial of the question of liability, and the judg-ment of the court below was affirmed on that question, but it was reversed and remanded for a new trial on the ques-tion of damages on account of the giving of an erroneous instruction on the measure of damages. *Louisville & Nash-ville Railroad Co.* v. *Garnett et al.,* 129 Miss. 795, 93 So. 241. When the cause came on for a new trial after the re-mand thereof, appellant renewed its petition for removal thereof to the Federal district court for the Southern dis-trict of this state. The trial court refused to grant the order of removal, and this action is again assigned as er-ror.

Since the last trial of this cause in the court below, the United States supreme court has had under consideration the precise question presented by this assignment, and has expressly overruled the case of *Ex parte Wisner, supra,* and has settled the question contrary to the views expressed in our former opinion. In the case of *Lee* v. *Chesapeake & Ohio Ry. Co.,* 43 Sup. Ct. 230, 67 L. Ed. —, it was held that the provision in section 51 of the Federal Judicial Code, that, where jurisdiction is founded on diversity of citizenship, suit shall be brought only in the district of the residence of either the plaintiff or the defendant, "does not limit the general jurisdiction of the district courts, or withdraw any suit therefrom, but merely confers a per-sonal privilege on the defendant, which he may assert or may waive, at his election, and does waive, if, when sued in some other district he enters an appearance without claiming his privilege." It was also held in that case that where a suit is instituted in the courts of a state of which neither the defendant nor the plaintiff is a resi-dent, the defendant "may remove the case into the Federal district court of that state, under sections 28 and 29 of the Judicial Code (U. S. Comp. St., sections 1010, 1011), permitting any suit of a civil nature of which the district courts have jurisdiction to be removed into the district court of the United States for the proper district by the

defendant, being a nonresident of the state; the proper district being defined to be that in which the county is situated from which the removal is made." See, also, *Brasher Lumber Co.* v. *Southern Railway Co.,* 43 Sup. Ct. 432, 67 L. Ed.—.

These decisions of the supreme court of the United States are controlling, and the decision of this court on the former appeal of this cause is overruled, in so far only as it held that the cause was not removable to the United States District court for the Southern district of Mississippi.

The appellee has confessed the error, and the judgment of the court below is reversed, and the cause remanded, with directions that the order of removal to the Federal court be granted.

*Reversed and remanded.*